# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BROOKEY LEE WEST,

    *Petitioner*,

vs.

SHERYL FOSTER, *et al.*,

    *Respondents.*

2:07-cv-00021-KJD-GWF

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#36) to dismiss. In the petition, Brookey Lee West seeks to set aside her 2001 Nevada state conviction, pursuant to a jury verdict, of the first-degree murder of her mother, Christine Smith. The respondents seek the dismissal of Ground 1 as noncognizable in federal habeas corpus. The respondents also contend that the petition is subject to dismissal as a mixed petition on the basis that Grounds 1 and 3 are not exhausted.

### *Discussion*

### *Ground 1 – Cognizable Claim*

In Ground 1, petitioner alleges that she was denied her right to due process in violation of the Fifth, Sixth and Fourteenth Amendments because the evidence was insufficient to prove beyond a reasonable doubt the essential element of the offense that Christine Smith's death occurred by the criminal agency of another person.

Respondents contend that this claim is not cognizable in federal habeas corpus because a challenge to the absence of *corpus delicti* allegedly presents only a state law issue rather than a federal constitutional issue.

Undeniably, a challenge to the sufficiency of the evidence supporting a conviction presents a cognizable federal habeas claim. It is established law that "the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)(*quoting In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970)). It thus "is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." 443 U.S. at 321, 99 S.Ct. at 2789. Under the *Jackson v. Virginia* standard, the jury's verdict will withstand such constitutional scrutiny if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 443 U.S. at 319, 99 S.Ct. at 2789.

Critically for the present case, this standard is applied with reference to the substantive elements of the criminal offense as defined by state law. *Jackson*, 443 U.S. at 324 n.16, 99 S.Ct. at 2792 n.16. As the Supreme Court of Nevada again held on petitioner's direct appeal, under the *corpus delicti* rule in Nevada in a murder prosecution, "[t]o prove that a murder has been committed, the State must demonstrate: '(1) the fact of death, and (2) that death occurred by criminal agency of another.'" *West v. State*, 119 Nev. 410, 415-16, 75 P.3d 808, 812 (2003)(quoting prior authority). It is difficult to conceive of a more fundamental, or elemental, requirement in a murder prosecution than a requirement that the State prove that a murder in fact was committed, *i.e.*, that the victim died and did so by criminal agency rather than by other causes. The conclusion thus would seem inescapable that a Nevada murder defendant convicted based upon insufficient evidence of this fundamental and elemental requirement has been denied due process of law.

The Court is not persuaded that the authorities relied upon by the respondents lead to a different conclusion vis-à-vis the elemental nature of the *corpus delicti* requirement applied in this case.

A number of the decisions concern a distinct state law principle – which is not involved on this claim – that a conviction may not be based solely upon a confession by the defendant without corroborating evidence. Merely because this distinct principle also employs the Latin phrase *corpus delicti* does not make either this distinct principle or the cited cases apposite or relevant to the issue presented in this case. In this case, the *corpus delicti* rule at issue is one that requires that the State prove the fundamental and elemental facts that the victim died and did so by criminal agency. The rule addressed in the cited cases, in contrast, instead places a limitation on the manner in which the State may prove the elements of an offense and/or on the admissibility of evidence, by providing that the State may not prove the elements of an offense based solely upon a confession without corroborating evidence. Any decision holding that a violation of such a rule "of *corpus delicti*" presents only a state law issue without constitutional import has no bearing on the present issue.[1]

---

[1] In *United States ex rel. Hayward v. Johnson*, 508 F.2d 322 (3d Cir. 1975), the petitioner contended that his conviction should be reversed because his confession was the only evidence linking him to the crimes of aggravated robbery and conspiracy, in violation of the rule of *corpus delicti*. The Third Circuit did not hold that this issue did not present a cognizable federal habeas claim, and the panel assumed *arguendo* that a cognizable federal claim was presented. The panel suggested, however, citing the Supreme Court's *Smith* case discussed below, that the *corpus delicti* rule at issue there had never been termed a constitutional requirement. (The panel further cited the Supreme Court case law predating *Jackson v. Virginia* and *Winship* under which a sufficiency challenge could be raised only if there was a complete absence of evidence supporting a crucial element of the charge.) The actual holding of the Third Circuit was that there in fact was corroboration for the confession. In all events, the case did not involve the requirement involved here that the State must prove that the victim died and did so by criminal agency. The case instead involved a distinct rule that an offense may not be proved based solely upon a confession without corroborating evidence. 508 F.2d at 330 & n.28.

Respondents further point to the Supreme Court decision cited by the Third Circuit in the case above, *Smith v. United States,* 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed.2d 192 (1954). The conviction in *Smith* was for federal tax evasion, not murder. The *corpus delicti* rule discussed in *Smith* also was a requirement that an accused may not be convicted based upon his own uncorroborated confession. The *Smith* Court referred to the genesis of this rule in prosecutions for crimes of violence, but *Smith* did not address any question as to what constitutes an element of the offense in a state murder prosecution for purposes of review for sufficiency of the evidence. *See* 348 U.S. at 152-54, 75 S.Ct. at 197-98. The "*corpus delicti*" principle

(continued...)

A number of the decisions either contain no discussion of any *corpus delicti* rule – of any variety – and/or are based upon a principle that long since has been flatly rejected by *Winship* and *Jackson*, *i.e.* that there is no review for sufficiency of the evidence in federal habeas corpus.[2]

The remaining federal district court decisions relied upon do not constitute controlling authority and are not persuasive to this Court, to the extent that they are apposite.[3]

---

[1](...continued)
discussed in *Smith* has nothing to do with the present issue. Moreover, the *Smith* case itself contained no discussion of constitutional requirements. The fact that the Third Circuit cited *Smith* regarding constitutional requirements does not make the Supreme Court case authority for an issue that it never in fact addressed.

In *West v. Johnson*, 92 F.3d 1385 (5th Cir. 1996), once again, the petitioner contended that his conviction should be reversed because there was no independent evidence corroborating his confession, in violation of the rule of *corpus delicti*. While the Fifth Circuit held that this requirement was not constitutionally mandated by *Jackson*, the *corpus delicti* rule applied in the Fifth Circuit's *West* decision is not the same *corpus delicti* rule that is at issue here. See 92 F.3d at 1393-94. *West* is not relevant to the issue presented here.

The decisions in *Autry v. Estelle*, 706 F.2d 1394, 1407 (5th Cir. 1983), *Evans v. Luebbers*, 371 F.3d 438, 442-43 (8th Cir. 2004), and *Lucas v. Johnson*, 132 F.3d 1069, 1078 (5th Cir. 1998), similarly involve rules requiring corroboration of a confession by independent evidence. These cases have no application here.

To the extent that respondents' counsel cites unpublished Ninth Circuit case law decided before January 1, 2007, in the reply, counsel has violated Ninth Circuit Rule 36-3 regarding citation of unpublished cases. The case cited in any event is distinguishable on the same basis as discussed above.

[2]The respondents cite *Gemmel v. Buckhoe*, 358 F.2d 338 (6th Cir. 1966), for the proposition that the "corpus delicti rule is a creature of sate [sic] law and does not carry with it implications of a violation of a federal constitutional right." #36, at 17, lines 20-21. *Gemmel* does not state or stand for such a proposition. What the 1966 decision in *Gemmel* does state is that issues as to the sufficiency of the evidence are matters of state law not involving federal constitutional issues. 358 F.2d at 340. Any such statement of the law clearly has been abrogated by *Winship* and *Jackson*. The respondents urge in the reply that there is no evidence in *Jackson* that any of the cases cited in their motion dismiss have been overruled. The above statement of the law in *Gemmel* in 1966 most assuredly is no longer good law.

The Court could not find any relevant discussion within *Burks v. Egeler*, 512 F.2d 221 (6th Cir. 1975), which is string-cited by the respondents at #36, at 17, lines 19-20.

The Court understands that the respondents are represented by a different deputy attorney general at this point. However, string-citing cases that do not in fact support the proposition made, and which further clearly have been overtaken by seminal Supreme Court authority, at best, has no persuasive value.

[3]In *Bechler v. Hedgpeth*, 2008 WL 833235 (C.D. Cal., Feb. 7, 2008), the district court extended the Fifth Circuit's *West* decision to a challenge to the sufficiency of the evidence as to a requirement of proof that
(continued...)

-4-

1    The respondents further rely on the principle that a state court's interpretation of state
2 law is binding upon a federal court in a federal habeas action.  This principle in truth does not
3 aid the respondents here.  In this case, the Supreme Court of Nevada applied the *Jackson*
4 *v. Virginia* constitutional analysis for sufficiency of the evidence to the petitioner's claim that
5 the State failed to prove that the victim died by criminal agency.  *See West*, 119 Nev. at 415-
6 16, 75 P.3d at 812.  The state's highest court, the final arbiter of Nevada law, therefore
7 treated the *corpus delicti* requirement as an element of the offense under state law that must
8 be established by constitutionally sufficient evidence.  *Jackson* review applies only to the
9 elements of the offense as defined by state law.

10    Again, the use of the same Latin phrase *corpus delicti* to describe two quite distinct
11 concepts does not control the analysis.  The critical inquiry instead is whether the *corpus*
12 *delicti* requirement applied in this case was an element of the offense.  Both logic and the
13 manner of the Nevada Supreme Court's own application of the requirement in this case
14 compels the conclusion that the *corpus delicti* rule applied in this case was an element of the
15 offense.  Accordingly, a claim that the evidence was insufficient to satisfy this elemental
16 requirement indisputably presents a federal due process claim that is cognizable in federal
17 habeas corpus.

18    Ground 1 presents a cognizable claim.
19    / / / /
20    / / / /

---

[3](...continued)
the murder victim disappeared as a result of a criminal act.  The *Bechler* court cited *West* for the proposition
that "[c]orpus delicti rules are rules of state law and are not constitutionally mandated by *Jackson*."  Slip op.,
at *19.  The unpublished decision contains no analysis as to the difference between the *corpus delicti* rule at
issue in *West* and the *corpus delicti* rule at issue in *Bechler* and this case.  This Court is not persuaded by the
respondents' citation to *Bechler* given the failure to address the fundamental distinction between the two
rules.  Latin phraseology does not override constitutional analysis of the claim actually presented.  *Bechler* in
any event is not binding authority in this Court.

The remaining district court cases that also were cited for the first time in the reply are distinguishable
on the basis that the *corpus delicti* rule at issue was a rule requiring independent corroborating evidence
when the State relies upon a confession.  *See Gerlaugh v. Lewis*, 898 F.supp. 1388, 1410 (D. Ariz. 1995);
*Davis v. Palmer*, 2007 WL 4178945 (W.D. Mich., Nov. 20, 2007).  The cases thus are inapposite.

***Ground 1 – Exhaustion***

Respondents further contend that Ground 1 is not exhausted, urging that the petitioner presented only a necessarily state law *corpus delicti* claim to the Supreme Court of Nevada on direct appeal.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust her state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which her claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

In this case, the Supreme Court of Nevada clearly cited to, and applied, the governing constitutional standard from *Jackson v. Virginia*:

> The corpus delicti rule in Nevada is well established. To prove that a murder has been committed, the State must demonstrate: "(1) the fact of death, and (2) that death occurred by criminal agency of another."[FN2] At trial, the State bears the burden of establishing the corpus delicti beyond a reasonable doubt, based on direct or circumstantial evidence.[FN3] **When reviewing the sufficiency of the evidence, we consider "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"**[FN4] West argues that there was less proof of death by criminal agency in her case than

> in the previous cases in which this court reversed based on insufficient evidence of corpus delicti, namely, *Frutiger v. State*,[FN5] *Hicks v. Sheriff*,[FN6] and *Azbill v. State*.[FN7]
>
> FN2. *Tabish v. State*, 119 Nev. 293, ----, 72 P.3d 584, 596 (2003).
>
> FN3. *Id.*
>
> FN4. *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984)(***quoting Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979))**.
>
> FN5. 111 Nev. 1385, 907 P.2d 158 (1995).
>
> FN6. 86 Nev. 67, 464 P.2d 462 (1970).
>
> FN7. 84 Nev. 345, 440 P.2d 1014 (1968).

119 Nev. at 415-16, 75 P.3d at 812 (italics in original; bold emphasis added).

The Supreme Court of Nevada clearly was given the opportunity to apply – and in fact did apply – the controlling federal legal principles to the facts bearing upon petitioner's constitutional claim.

Ground 1 clearly is exhausted.[4]

***Ground 3 – Exhaustion***

In Ground 3, petitioner alleges that she was denied her due process right to a fair trial in violation of the Fifth and Fourteenth Amendments because the State's closing argument contained a number of allegedly improper arguments.

Respondents contend that petitioner failed to present the claims in Ground 3 as federal claims on direct appeal.

---

[4] The respondents refer back to their argument on cognizability and urge that *corpus delicti* is a state law issue separate and apart from sufficiency of the evidence, such that petitioner could not exhaust the federal claim even by expressly citing to *Jackson*. #43, at 6. The respondents, once again, are referring to a different principle of law than the one upon which the petitioner's claim is based. The Supreme Court of Nevada understood what principle of law the petitioner was invoking, and the state high court applied the controlling federal legal principles to that claim. The respondents' discussion of a distinct principle of law which shares use of the same Latin phrase has no bearing upon whether the claim actually presented by the petitioner and actually decided by the Supreme Court of Nevada was exhausted.

It would appear that petitioner clearly invoked and fairly presented a federal constitutional claim of a denial of a due process right to a fair trial in her opening brief on direct appeal.

In the statement of the issues on appeal, petitioner identified the following issue:

> . . . WHETHER THE STATE'S CLOSING WAS RIDDLED WITH INAPPROPRIATE ARGUMENTS WHICH COMBINED TO DENY WEST HER DUE PROCESS RIGHT TO A FAIR TRIAL.

#25-9, Ex. 55, at i.

Petitioner then repeated this statement of the issue along with corresponding argument at the beginning of the argument on the multiple underlying subsidiary issues of improper closing argument:

> WHETHER THE STATE'S CLOSING WAS RIDDLED WITH INAPPROPRIATE ARGUMENTS WHICH COMBINED TO DENY WEST HER DUE PROCESS RIGHT TO A FAIR TRIAL.
>
> The State's closing arguments 1) invited speculation; 2) shifted the burden to the defense; 3) misstated the law and facts and 4) appealed to religious prejudice and/or made a personal attack on opposing counsel. These errors combined to deny West her right to a fair trial.

#25-9, Ex. 55, at 36.

Furthermore, in the body of the argument on the underlying subsidiary issue regarding burden-shifting, petitioner cited to *Ross v. State*, 106 Nev. 924, 927, 803 P.2d 1104, 1105-06 (1990), which cites to federal authorities discussing the right to a fair trial in the context of improper prosecutorial closing argument.

General appeals to broad constitutional principles such as due process and the right to a fair trial do not exhaust a specific federal claim. *E.g., Castillo*, 399 F.3d at 999. However, when the specific federal claim invoked *is* a due process right to a fair trial, it would appear that a recital that the action complained of violated such a right would fairly present the claim, particularly when accompanied by citation to case law applying related federal law. The respondents suggest that the petitioner's citation to *Ross* was not preceded by anything reflecting the articulation of an underlying federal theory. However, as noted, from the very outset of the discussion of the claim on direct appeal, petitioner invoked "her due process

right to a fair trial," defining the very issue on appeal as one of whether that right had been denied.

The respondents further seek to parse the underlying subsidiary issues of improper closing argument into separate distinct units that must stand or fall on their own separately vis-à-vis exhaustion. However, petitioner clearly alerted the Supreme Court of Nevada in the opening paragraph of the argument on the issue that she was claiming a denial of her due process right to a fair trial from the combined errors. The respondents' effort to strip out the subsidiary claims individually for purposes of the exhaustion analysis ignores the clear intent of the opening brief to present the subsidiary claims together in support of a federal constitutional claim.

The respondents further contended initially in the motion to dismiss that, even if the remainder of Ground 3 is exhausted, an allegation within Ground 3(A) is not.

In Ground 3(A), petitioner alleges, *inter alia*, that the State, in its closing argument, improperly invited the jury to speculate as to the cause and manner of the victim's death. The claim further includes an assertion that "[t]he State also inappropriately invited speculation when arguing the case before the Nevada Supreme Court."[5] In the motion to dismiss, the respondents initially contended:

> . . . . In the first-amended federal petition, West argues that the State inappropriately invited speculation *when arguing the case before the Nevada Supreme Court*. . . . . While West did raise the issue of prosecutorial misconduct in her direct appeal, she never argued that the *State inappropriately invited speculation on appeal* to the state courts.

#36, at 20 (emphasis added).

Petitioner thereafter responded to the argument as if the respondents were challenging exhaustion of the allegation that the State invited speculation from the jury as opposed to the allegation that the State invited speculation from the Supreme Court of Nevada when arguing the appeal. In the reply, new counsel for the respondents responded along the same lines,

---

[5] #19, at 28. The allegation clearly refers to oral argument, quoting the transcript of the argument.

as if the allegation in contention originally in the motion to dismiss pertained to an invitation to speculation by the jury as opposed to an invitation, at oral argument on direct appeal, to speculation by the state supreme court. Figuratively, the ships appear to have passed in the night not just once but twice.

The claim vis-à-vis inviting speculation from the jury clearly is exhausted. The Court will defer until after the petitioner's reply to the answer any further consideration of any exhaustion issue as to any claim – if actually asserted – that the State invited speculation from the Supreme Court of Nevada. It is not entirely clear from the amended petition and briefing that petitioner in fact intends to pursue such an allegation as a distinct claim as opposed to a collateral, and apparently irrelevant, argument. If she does intend to pursue the allegation as a claim for reversal of the conviction, the Court would be more inclined at this juncture to simply dismiss such a claim for lack of any colorable merit under 28 U.S.C. § 2254(b)(2). The proposition that a defendant is denied a due process right to a fair trial by the State inviting a panel of trained and experienced judges on a state supreme court bench to speculate would appear to be a most dubious one. If petitioner wishes to pursue such a claim, she should present reasoned argument and apposite supporting authority in the reply, and she further must show exhaustion of the claim. In the meantime, the Court is not going to hold up the progress of this over two-year-old case for proceedings on a *Rose* choice[6] on such a collateral point.

Subject to the preceding paragraph, the Court holds that Ground 3 is exhausted.

IT THEREFORE IS ORDERED that the respondents' motion (#36) to dismiss is DENIED.

IT FURTHER IS ORDERED that, taking into account the complexity of the factual issues on Ground 1, within sixty (60) days of entry of this order, the respondents shall file an answer to the amended petition as per the requirements of the prior scheduling order (#31), at page 1, lines 23-28.

---

[6]See *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

1   IT FURTHER IS ORDERED that petitioner shall have sixty (60) days from service of
2  the answer within which to file a reply.
3   The Court is seeking to allow an adequate time to file both an answer and reply by this
4  order. **Extensions of the deadlines established by this order will be considered based**
5  **only upon scheduling conflicts with cases in higher courts and/or with cases in this**
6  **Court that were filed prior to this case. Extensions should be sought in the later-filed**
7  **case.**
8   DATED: April 20, 2009

_____
KENT J. DAWSON
United States District Judge